IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE OF )      PROBATE CASE NO. PR28-99
ANA RIOS ZAMORA,                )
                                      )            **DECISION AND ORDER**
                                      )
_____ Deceased.)

The matter came before the HONORABLE JUDGE PRO TEM ELIZABETH BARRETT-ANDERSON on ___, 2012 for a hearing on the *Ex Parte* Petition For an Order Voiding All Previous Deeds Re: Lot 193-1 and Lot 193-2, Piti, Guam (hereinafter "Petition"). The Court having considered all the oral arguments, briefs, and materials filed herein; determines the Petition is GRANTED and all previous deeds granted to Joy K. Gogue from Antonio R. Zamora as the Administrator of the Estate of Ana R. Zamora are void.

The former administrator of the Estate of Ana Rios Zamora failed to comply with the statutory notice requirements of 15 GCA §§ 2313, 2315, 2341 and 2347 before granting Joy K. Gogue deeds, Department of Land Management Instrument Nos. 698867 and 700933, for Lots 193-1 and 193-2, Piti Guam, part of the estate, and therefore, the deed is void; (2) the former administrator of the Estate of Ana Rios Zamora to have the sale of Lots 193-1 and 193-2, Piti Guam, to Joy K. Gogue approved by the Court prior to granting the deeds to Joy K. Gogue and therefore, the deeds are void and cannot be claimed against the Estate of Ana Rios Zamora. 15 GCA §§ 2313.

Under GRE Rule 201(c), "a court may take judicial notice, whether requested or not," so long as the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." GRE Rule 201(c) and (b)(2)(2012). The Court takes judicial notice that the sale and transfer were never confirmed by the Probate Court, as is required by 15 GC A § 2345." *Colonial Leasing Co. of New England v. Logistics Control Group*, 762 F.2d 454, 459 (5th Cir.1985). No verified report and petition for a hearing to confirm this sale to Joy K. Gogue was ever filed in this Probate Case, as required under 15 GCA §2315(a). Further, the Court's file contains no record of a judicial confirmation hearing

held within thirty days of the date of the sale, as required by 15 GCA §§ 2315(a), 2345, and 2347.

As a matter of law, the Court finds that the sale of any property to Joy K. Gogue is void for non-compliance with 15 GCA § 2315(a).

15 GCA § 2315(a) was adopted directly from California Probate Code § 755, specifically, the version of California Probate Code § 755 which was enacted in 1931 and remained in effect until amended in 1969. West's Cal. Prob. Code, Historical and Statutory Notes (2002). That former Cal. Prob. Code § 755 stated:

> Except as provided by sections 770 and 771 of this code, all sales of property must be reported to the court and confirmed by the court before title to the property passes. The report must be verified. Such report and a petition for confirmation of the sale must be made within 30 days after each sale. The clerk shall set the petition for hearing by the court and give notice thereof for the period and in the manner required by section 1200 of this code.

Cal. Prob. Code § 755 (1931 to 1969).

Accordingly, California cases interpreting this version of the statute are highly persuasive, and the Court must follow the California precedent unless there is a compelling reason to deviate from the California law. *Cruz v. Cruz*, 2005 Guam 3 ¶ 9; and *Fajardo v. Liberty House Guam*, 2000 Guam 4 ¶17.

In *Kier Corp. v. Treasure Oil Co.*, 57 Cal.App.2d 829, 136 P.2d 59 (Cal. Dist. Ct. App. 1943), the California District Court of Appeal specifically found that no title could pass to a purchaser of real property where the sale had not been properly noticed or confirmed by the probate court under California Probate Code § 755, therefore "[the administratix'] deed to Kier was a nullity because it had not been authorized by the probate court." Id. at 66(citing Section 755, Probate Code). Interpreting this provision, the court aptly stated:

> To make valid a sale of the realty of an estate, the sale must be reported by verified petition to the court within 30 days after the sale and, after notice by the clerk, it must be confirmed by the court. In the absence of notice of a hearing on the petition the order of confirmation is void.

*Id.* at 66–67 (citing Section 755, Probate Code, *supra*; *Lass v. Eliassen*, 270 P. 745; and *Texas Co. v. Bank of America, etc.,* 53 P.2d 127).

Building on this reasoning, the California District Court of Appeal confirmed that no title could pass to a purchaser who purchased estate property directly from an executor or administrator in violation of California Probate Code § 755, and further, that a purchaser who purchased directly from an administrator without proper notice and confirmation of the sale by the probate court would be charged with actual notice that the sale was void, and thereupon could not claim status as a bona fide purchaser without notice:

> [I]t is clear under the authorities in this state that no title passed to the purchaser thereof without confirmation or prior order of the court. George Schwinn *having purchased the shares directly from the executrix was charged with notice that the sale was not authorized by a prior order and that no title would pass until confirmed as provided in Probate Code section 755. As a participant in such transaction he cannot now plead innocence and good faith* when the slightest investigation would have dispelled any ignorance thereof. The executrix being without power to make an absolute sale without prior order of court or subsequent confirmation, her acts in such representative capacity could only clothe George Schwinn with the indicia of ownership by an endorsement of the certificates (Civ.Code, sec. 330.19) and delivery to him. *Thus no title vested in George Schwinn as against the estate* by reason of the invalid sale of the stock by the executrix.

*East Coalinga Oil Fields Corp. v. Robinson*, 194 P.2d 554, 557 (Cal. Dist. Ct. App. 1948)(internal citations omitted)(emphases added).

Under this authority, as a matter of law, a person who purchases real property from the administrator or executor of an estate is "charged with notice" that "no title [will] pass until confirmed as provided in Probate Code section 755."

Therefore, for all of the foregoing reasons, this Court GRANTS the *Ex Parte* Petition for an Order Voiding All Previous Deeds Re: Lot 193-1 and Lot 193-2, Piti, Guam; and hereby

ORDERS that the deeds granted to Joy K. Gogue from Antonio R. Zamora as the Administrator of the Estate of Ana R. Zamora are void.

**IT IS SO ORDERED** this 13 April 2012.

_____

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge *Pro Tempore*, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 1 3 2012

Deputy Clerk, Superior Court of Guam